# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

City Center Associates Limited Partnership,

          Plaintiff,

                  Civ. No. 10-191 (RHK/JJK)
                     **ORDER**

v.

Office Depot, Inc.,

          Defendant.

---

  This matter is before the Court *sua sponte*.

  On December 30, 2009, Plaintiff City Center Associates Limited Partnership ("City Center") commenced this action against Defendant Office Depot, Inc. ("Office Depot") in Hennepin County District Court, seeking to evict Office Depot from certain commercial property it had leased from City Center. Asserting diversity jurisdiction, Office Depot removed the action to this Court to January 22, 2010. City Center then filed a Motion to Remand, arguing that diversity jurisdiction is lacking; its Motion is currently scheduled to be heard by the Court on April 9, 2010.

  Due to their nature, time is of the essence in eviction proceedings. Moreover, the Court has reviewed City Center's Motion and, based thereon and its own preliminary research into the issue, believes that it may have merit. Accordingly, the Court has determined that the Motion should be heard on an expedited basis rather than on April 9, more than two months from now.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** as follows:

1. A hearing on City Center's Motion to Remand will be held before the undersigned at 1:00 p.m. on Thursday, February 11, 2010, in Courtroom 7A, Warren E. Burger Federal Building and United States Courthouse, 316 N. Robert Street, St. Paul, Minnesota. The hearing on the Motion scheduled for April 9, 2010, is **CANCELED**;

2. Office Depot shall serve and file a Memorandum in response to City Center's Motion no later than 12:00 p.m. (noon) on Monday, February 8, 2010. In addition to addressing City Center's arguments, said Memorandum shall address the following:

   a. Whether Office Depot has discharged its burden of showing that the amount-in-controversy requirement for diversity jurisdiction has been satisfied, when this action seeks only repossession of the premises and not damages, see, e.g., Mousel v. Knutson Mortgage Corp., 823 F. Supp. 658, 662 (D. Minn. 1993) (MacLaughlin, J.) (cited by City Center); Koochiching County v. Erickson, Civ. No. 04-3477, 2005 WL 1432347, at *1 (D. Minn. Mar. 7, 2005) (Tunheim, J., adopting Report & Recommendation of Erickson, M.J.); Wells Fargo Bank, N.A. v. Meaney, No. 1:09-CV-140, 2009 WL 1044560, at *2 (W.D. Mich. Apr. 17, 2009); JPMorgan Chase Bank, N.A. v. Coleman, Civ. No. G-06-688, 2007 WL 655629, at *2 (S.D. Tex. Feb. 27, 2007); A. Levet Props. P'ship v. Bank One, N.A., Nos. Civ. A. 03-1708, 03-1373, 2003 WL

21715010, at *3 (E.D. La. July 21, 2003); Dickal 770 L.L.C. v. PRN Corp., No. 02 C 3206, 2002 WL 1285813, at *3 (N.D. Ill. June 10, 2002);

   b. Whether Office Depot has discharged its burden of demonstrating that the parties are citizens of different states, given that City Center is a limited partnership and no assertion is made concerning the citizenship of each of its partners, see, e.g., Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990); Buckley v. Control Data Corp., 923 F.2d 96, 97 (8th Cir. 1991); Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990); Willows on France, LLC v. Am. Family Mut. Ins. Co., Civ. No. 08-5307, 2009 WL 1386157, at *1-2 (D. Minn. May 14, 2009) (Ericksen, J.);[1]

   c. Whether the Court lacks jurisdiction over this matter because of the summary nature of eviction proceedings in state court versus the plenary nature of civil actions in federal court, see, e.g., CPG Fin. I, L.L.C. v. Shopro, Inc., No. 06-3015, 2006 WL 744275, at *3 (W.D. Mo. Mar. 22, 2006); United Mut. Houses, L.P. v. Andujar, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002); MRM Mgmt. Co. v. Ali, No. 97-CV-1029, 1997 WL 285043, at *1 (E.D.N.Y. May 27, 1997); Glen 6 Assocs., Inc. v. Dedaj, 770 F. Supp. 225, 227-28 (S.D.N.Y. 1991); and

---

[1] The Complaint states on its face that City Center is a Connecticut *limited partnership*, but in its Notice of Removal Office Depot asserts that City Center is a Connecticut *corporation*. (Notice of Removal ¶ 5.)

d. Whether the Court should abstain from hearing the instant action even assuming *arguendo* that the requirements for subject-matter jurisdiction have been met, see, e.g., Harvard Real Estate-Allston, Inc. v. KMART Corp., 407 F. Supp. 2d 317, 320 n.1 (D. Mass. 2005); Andujar, 230 F. Supp. 2d at 354; Glen 6, 770 F. Supp. at 228-29; and

3. City Center may serve and file a Reply Memorandum in support of its Motion, if any, no later than 12:00 p.m. (noon) on Wednesday, February 10, 2010.


Dated: February 2, 2010
s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge